DAVID WIGGIN & another *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Hampden.   Sept. 28, 1875.   March 16. — April 4, 1876.   COLT & LORD, JJ., did not sit.

A consignor sent by an association of railroad companies, of which the defendant was one, a car load of oats weighing 23,667 lbs. to be forwarded to a station beyond the line of the defendant road, and received from the transit company a bill of lading, which he sent to the consignee, in which the oats were stated to weigh 20,000 lbs.; the consignee paid the consignor for the full contents of the car. In an action by the consignee against the defendant for the conversion of that portion of the grain removed, the freight agent of the defendant testified that he removed on behalf of the defendant the excess of oats above 20,000 lbs. at the end of the defendant's road. *Held,* that the testimony was competent on the question of conversion. *Held, also,* that a request to the court to rule that if the consignor informed the transit company that the oats weighed 20,000 lbs., knowing that they weighed more, so that they might be carried as 20,000 lbs. only, and if the consignee knew that the oats were "under-billed," and suffered them to come on without notifying the defendant, intending to take them without paying freight on the excess, unless demanded, there was no delivery of the excess of oats and the plaintiff could not maintain his action, although the consignee bought the grain deliverable on the cars, was rightly refused.

A letter containing an admission of a party is admissible in evidence against him, although the letter was in reply to another which the party is not called on to produce.

It is no excuse, for the conversion by a carrier of the property of a consignee, that the consignor fraudulently misstated the weight of the goods, and that the consignee knew that the bill of lading stated the weight at less than it was, and did not notify the carrier thereof.

If a carrier by railroad refuses to deliver goods carried, for other reasons than the non-payment of freight, an action will lie, without previous demand or payment of freight.

TORT for the conversion of 114 bushels of oats.   Answer, a general denial.

At the trial in the Superior Court, before *Brigham,* C. J., the plaintiffs called one Hamilton, who testified that he was the local

freight agent of the defendant at Springfield; that car No. 3761 came over the road in January, 1871; that a way-bill came with it, which he identified, and which was put in evidence; that the price of carriage is made when the carriage begins; in this instance at Peoria, Illinois; that this was way-billed as 20,000 pounds, at seventy-five cents per hundred pounds. The way-bill was issued by the Red Line Transit Company, an association of railroads of which the defendant was one. The plaintiffs were named as consignees; the place of destination was Northampton; and the weight was stated to be 20,000 pounds. He testified further, under objection of the defendant, which was overruled by the court, that he delivered the freight to the Connecticut River Railroad; that, before delivering this car, he weighed it, and found that it contained 23,667 pounds of oats, and that he took out of the car — the oats being in bulk — 3667 pounds of oats, equal to about 114 bushels; that he did this under instructions of the defendant, to take out the excess when cars contained more than the bill stated; that he bagged the oats, kept them two months or six weeks at the freight-house, and then sent them to the barn of the defendant, and did not know what became of them afterwards; that he had no instructions whether to give the oats up or not, on payment of the freight; that the freight was collectable at Northampton, the point of destination; that he left 20,000 pounds of oats in the car; that so far as he knew there was nothing in the car billed to any one else than the plaintiffs, and that no one else ever claimed anything in the car to his knowledge; that it appeared from the way-bill that the oats named in it were transferred from car 530, at Toledo.

On cross-examination, he testified that the way-bill was the only means the defendant had of knowing what quantity of oats was to be delivered to the plaintiffs; that no demand was ever made on the defendant for the oats taken out of the car, nor any offer made to pay the freight on them.

One of the plaintiffs testified, and was asked, " Was your firm owners of a car load of oats in January, 1871? " The defendant objected to the question, but the court overruled the objection, and the witness answered " Yes;" and testified, without objection, that the plaintiffs bought the oats of one D. J. Perry. He

was asked how many oats he bought and paid for, the defendant objected to the question, but the court overruled the objection, and the witness answered, "24,330 pounds."

He testified further, without objection, that he paid for the oats by a draft made on the plaintiffs, accompanied by a bill of lading; and testified, on cross-examination, that the draft was for a considerably larger sum than would be the price of the quantity of oats named in the bill of lading; that the draft was for the price of 24,330 pounds, and the bill of lading named only 20,000 pounds; that the plaintiffs noticed the difference, but paid the draft; that they had previously received cars containing a larger quantity of grain than the bills of lading called for; that they never informed the railroads of the excess in cars and never paid freight on the excess, unless the roads discovered the fact that there was an excess, and charged them freight on it, and paid such bills as were presented; that the plaintiffs received the bill of lading and draft long before the oats arrived, but did not notify the defendant nor any of the roads of there being an excess of grain in this car above the quantity billed; and that they bought the oats delivered on the cars at Peoria. He further testified, on reëxamination, that the plaintiffs did not have any arrangement or understanding with Perry that the oats should be under-billed, and that no one ever made claim on them for any part of the contents of the car; that there was no arrangement with consignors to ship the grain under-billed, and that he had no knowledge that it was to be shipped otherwise than correctly.

The plaintiffs then, not having given previous notice to the defendant to produce any letters, offered in evidence the following letter, signed by Hamilton, dated January 23, 1871: " In reply to your letter of 20th inst., relative to excess weight taken from cars, grain from the West, would say, we have been taking grain, &c., from cars which we have received, when they have been way-billed under weight, and have taken some from cars 2823 and 3761, consigned to you." The defendant objected to the admission of the letter, but the court overruled the objection, and it was admitted and read to the jury. There was no other evidence in the case.

The defendant asked the judge to instruct the jury as follows: " 1. That if Perry, knowing that the oats weighed 24,330 pounds, gave their weight to the railroad company, or caused them to be billed as 20,000 pounds only, intending that they should be carried as only 20,000 pounds, and freight paid thereon as only 20,000 pounds, it was a fraud on the roads, and there was no such delivery of the excess of oats on the cars, as would pass the title to the plaintiffs.

" 2. That if the plaintiffs, knowing that the oats were underbilled, suffered them to come on without notifying the road of this fact, intending to take them without paying freight on the excess, unless the railroad discovered the discrepancy between the weights billed and the actual weight, this was a fraud which would prevent their maintaining this action.

" 3. That on the evidence, there being no other evidence that the plaintiffs made any demand for the excess of oats, nor any offer to pay the freight on the excess, and it appearing that the defendant took the oats and put them into bags and kept them so, and it not appearing that the defendant would not have forwarded them on an offer to pay freight being made, the plaintiffs cannot maintain this action."

The judge refused to give either of the instructions asked for, and instructed the jury to return a verdict for the plaintiffs ; the defendant making no objections, other than those hereinbefore set forth, and consenting to such verdict saving the above exceptions. The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

The case was argued in September, 1875, and reargued in March, 1876.

*A. L. Soule*, for the defendant.

*G. M. Stearns*, for the plaintiffs.

ENDICOTT, J. The defendant, as one of the Red Line Transit Company, undertook to carry, according to the terms of a bill of lading, issued by the Transit Company, a car load of oats in bulk on board car No. 3761 ; the oats are stated in the bill of lading to weigh 20,000 pounds. The car arrived in Springfield on its way to the plaintiffs at Northampton, and while there and in the custody of the defendant, it was found to contain 23,667 pounds of oats. The excess over 20,000 pounds was taken from it by the

defendant, and the car then forwarded to the plaintiffs. It appears by the bill of exceptions that the plaintiffs purchased the oats of one Perry to be delivered at Peoria, Illinois, on the cars; that no one other than the plaintiffs had any oats in the car; that the plaintiffs had paid for the full contents of the car, viz.: 23,667 pounds; and that 20,000 pounds, brought on the car, had been actually delivered to the plaintiffs by the defendant. Admitting these facts to be true, the plaintiffs had title to the whole contents of the car, as their property. *Peebles* v. *Boston & Albany Railroad*, 112 Mass. 498.

The defendant contends that the plaintiffs cannot maintain this action for conversion of the oats which it took from the car; and the case comes before us on exceptions to evidence, and to the refusal of the presiding judge to give certain instructions to the jury.

1. The testimony of Hamilton, the freight agent of the defendant at Springfield, that he removed, on behalf of the defendant, the oats from the car, was properly admitted. The question at the trial was not whether the defendant would be liable for the full contents of the car, or for 20,000 pounds only, if the car load of oats or the excess over 20,000 pounds had been destroyed; but whether it had taken the property of the plaintiffs and converted the same to its own use. For even if the defendant was only liable to deliver 20,000 pounds, if that was all that arrived, it is clear that the defendant did not gain any title to the property of the plaintiffs because more than 20,000 pounds did arrive. Whatever remedy the defendant had for having carried the excess over 20,000 pounds, it was not by appropriating to its own use the plaintiffs' property. The evidence was therefore competent upon the question of conversion.

2. The letter of Hamilton was also properly admitted. It contained a declaration, by an agent of the defendant, respecting a matter in his charge and within the scope of his agency; *Morse* v. *Connecticut River Railroad*, 6 Gray, 450; and was competent as offered, within the rule laid down in *Stone* v. *Sanborn*, 104 Mass. 319. As the letter stated only in general terms what Hamilton testified to in detail, the defendant could not have been injured by its admission.

3. The first and second prayers for instructions were properly refused. If Perry did inform the Transit Company that the oats weighed 20,000 pounds, knowing that they weighed more, and did so that they might be carried as 20,000 pounds only, it could not affect the plaintiffs' title to their property, a large portion of which the defendant had in fact delivered, or justify the defendant in converting it.

Nor would the defendant be justified in taking the property of the plaintiffs, even if the plaintiffs knew that the oats were "under-billed," and suffered them to come on without notifying the defendant, intending to take them without paying freight on the excess unless demanded.

4. Upon the facts presented in the bill of exceptions, the presiding judge was not bound to give the last instruction requested. The substance of the instruction was that the plaintiffs could not recover, because it did not appear in evidence that the plaintiffs had made any demand for the excess of oats, or any offer to pay freight on the excess, or that the defendant would not have forwarded the oats, on an offer to pay freight being made; although it did appear that the defendant had taken the oats and kept them.   But there was other evidence upon which the jury could have found a conversion, and the defendant did not ask to go to the jury on that question.   If the defendant failed to deliver for other causes than non-payment of freight, no demand or tender was necessary.  *Peebles* v. *Boston & Albany Railroad,* 112 Mass. 498, 509.                                    *Exceptions overruled.*